UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X

UNITED STATES OF AMERICA,                    MEMORANDUM
                                             OPINION AND
                    Plaintiff,               ORDER

      - against -                            04-CR-888 (TCP)(ARL)

WAYNE ROBERTS,

                    Defendant.

---------------------------------X
PLATT, District Judge.

        Defendant Wayne Roberts ("Defendant") moves this Court pursuant to Federal Rule of Criminal Procedure 12(b)(3)(c) to suppress a firearm found on his person and seized by Nassau County Police Officers or, in the alternative, to hold an evidentiary hearing with respect to the same.

        This Court heard oral argument on this motion on April 1, 2005. For the following reasons, Defendant's motion is **DENIED**.

## Background

        The Defendant is charged with Possessing a Firearm as an Armed Career Criminal under 18 U.S.C. 922(g)(1), and Possessing a Weapon during a Drug Trafficking Crime under 18 U.S.C. 924(c)(1)(r)(i), both allegedly occurring on February 14, 2003. Defendant is also charged with one count of Possessing a

Firearm as an Armed Career Criminal under 18 U.S.C. 922(g)(1), for conduct allegedly occurring on April 11, 2003.

On February 14, 2003, Mr. James Whiston ("Whiston"), an investigator with the Nassau County District Attorney's office, secured a warrant issued by Nassau County Court Judge Donald DeRiggi in order to search a residence located at 100 Terrace Avenue, Apartment 645 in Hempstead, New York. Whiston informed the Court that confidential informants observed the Defendant residing in this apartment which was leased to another, unrelated individual. At least one informant observed handguns at this location.

Whiston also informed the Court that Defendant was convicted of criminal possession of a weapon on March 22, 2001.

Upon execution of the search warrant on February 14, 2003, Nassau County Police Officers recovered a loaded, .380 Bryco semi-automatic pistol and eight grams of crack cocaine. The Officers found the pistol in a security lockbox which also contained personal effects related to the Defendant. The Defendant was not present during the search.

Nassau County Police Officers neither saw nor apprehended the Defendant on the date of the search, nor did they issue a warrant for his arrest at that time.

The Defendant is not seeking to suppress these items on the ground

that he does not have standing because he did not reside in the apartment.

Almost two months later, on April 11, 2003, Nassau County Police Officers received a tip from a confidential informant that the Defendant was observed to be a passenger in a maroon Jeep Cherokee and that he was armed with a firearm. Whiston and other Nassau County Police Officers then located and observed the Defendant in a maroon Jeep Cherokee. The Officers stopped the vehicle and arrested the Defendant. During the arrest, the officers patted down the Defendant and discovered that he was carrying a .380 Bryco pistol. It is this pistol the Defendant seeks to suppress.

The Defendant argues that this Court must determine after a pre-trial evidentiary hearing whether the Officers had information with sufficient indicia of reliability to justify the initial stop and investigatory detention of the Defendant as mandated by *Terry v. Ohio*, 392 U.S. 1 (1968). Furthermore, if the *Terry* stop was justified, this Court must decide whether the Officers exceeded the bounds permitted by reasonable suspicion, which, if so, would require a finding of probable cause. *See Florida v. Royer*, 460 U.S. 491, 502-03.

**Standard**

Courts may hold a pre-trial evidentiary hearing on a motion to

suppress "if the moving papers are sufficiently definite, specific, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)(citations and quotations omitted). The burden of proof on a motion to hold a pre-trial hearing on a suppression motion falls to the movant-defendant to show the existence of disputed issues of material fact. *United States v. Diaz*, 303 F. Supp. 2d 84, 93 (D. Conn. 2004). Courts, however, are not required to hold an evidentiary hearing if the defendant's "moving papers did not state sufficient facts which, if proven, would have required the granting of the relief requested." *United States v. Culotta*, 413 F.2d 1343, 1349 (2d Cir. 1969).

**Analysis**

This case is not about a vehicle search. Instead, the essential issue is whether Whiston and the Nassau County Police Officers had probable cause to arrest the Defendant on April 11, 2003. Defendant's focus on the reliability of the confidential informant's tip and the lawfulness of the vehicle stop is misplaced. Once Investigator Whiston and the other Nassau County Police Officers observed the Defendant in the maroon Jeep Cherokee, the reliability of the informant's tip

was not controlling given the other information known to the arresting officers.[1]

In *United States v. Watson*, the Supreme Court held that a police officer may make a warrantless arrest in a public place of an individual suspected of a felony if there is probable cause. 423 U.S. 411, 417 (1976). With this cumulative knowledge Whiston and the members of the Nassau County Police Department had probable cause to arrest the Defendant on April 11, 2003 for several reasons: i) evidence seized during the February 14, 2003 search of an apartment yielded a .380 Bryco semi-automatic pistol and crack cocaine, both of which appeared to belong to the Defendant; ii) the Defendant had a previous conviction for possession of a firearm on March 22, 2001; and iii) the confidential informant's tip that the Defendant was in a maroon Jeep Cherokee at a specific time and place (which he was) and presently carrying a firearm (which he was). Together these factors established probable cause to arrest the Defendant.

Finally, concerning the lawfulness of the search of the Defendant's person, if an arrest is legal, the search incident to that arrest is also legal if confined to the arrestee's person and the area within his immediate control. *See*

---

[1] It is unnecessary to show that Whiston actually told the Nassau County Police Officers about the Defendant's past criminal record and his connection to the weapon seized during the February 14, 2003 search. "[W]here law enforcement authorities are cooperating in an investigation, . . . the knowledge of one is presumed shared by all." *Illinois v. Andreas*, 463 U.S. 765, 772, n.5 (1983).

*United States v. Naranjo-Sierra*, 490 F. Supp. 27, 29 (S.D.N.Y. 1979) citing *United States v. Robinson*, 414 U.S. 218 (1973).  In this case, the Officers searched the Defendant's person at the time of his arrest and lawfully recovered the .380 Bryco semi-automatic pistol as a result of a cautionary pat-down.

Defendant's motion to suppress and request for a pre-trial evidentiary hearing is hereby **DENIED**.


**SO ORDERED**.

/S/_____
District Judge, United States District Court

Dated:  April 19, 2005
       Central Islip, New York